

NO ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 1 3 2007

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

VICKI M. OTTS                    §
                                 §
VS.                              §        CIVIL ACTION NO.
                                 §        **3-07CV0641-D**
COLONIAL CREDIT CORPORATION      §
WOLPOFF & ABRAMSON LLP           §

## COMPLAINT

### JURISDICTION

1.      The jurisdiction of this Court attains pursuant to 15 U.S.C.§1692 et seq, the Fair Debt

Collection Practices Act ("FDCPA") for which jurisdiction is proper in this Court. 15 U.S.C.§1692k(d)

and state law claims supplemental thereto. Venue lies in the Dallas Division of the Northern District

of Texas since Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### PARTIES

2.      Plaintiff, Vicki M. Otts, is a natural person who resides in Tarrant County, Texas and

is a "consumer" as defined by 15 U.S.C.§1692a(3) of the FDCPA. Plaintiff is a resident and citizen of

the State of Texas.

3.      Defendant, Colonial Credit Corporation is a corporation organized under the laws of

the District of Columbia, and may be served with process by serving its registered agent for service of

process: CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

4.      Defendant, Wolpoff & Abramson, LLP, is a limited liability partnership, organized under

the laws of the State of Delaware, registered to conduct business in Texas, and may be served with

process by serving its registered agent: CT Corporations System, 350 N. St. Paul St., Dallas, Texas

75201. Defendant has an office in Texas.

### FACTUAL ALLEGATIONS

5.      Plaintiff is an individual consumer as defined by 15 U.S.C. §1692a(3).

6.      Defendants Colonial Credit Corporation and Wolpoff & Abramson, LLP are debt

collectors as defined by the FDCPA and the Texas Debt Collection Practices Act.

7.    Defendants filed an arbitration action against Plaintiff with the National Arbitration Forum for a debt allegedly arising from a credit card account with MBNA, now allegedly assigned or sold to Colonial Credit Corporation.

8.    Defendants have failed to produce an arbitration agreement or any agreement whatsoever concerning the alleged debt which covers the debt sued upon.

9.    Any debt which might be owed is barred by the statute of limitations.

## CAUSES OF ACTION

### COUNT I

10.    Plaintiff realleges and incorporates paragraphs 1 through 9 above as if fully set out herein.

11.    Colonial Credit Corporation and Wolpoff & Abramson, LLP are debt collectors as defined by the Fair Debt Collection Practices Act, 15 U.S.C.§1692a(6).

12.    The conduct described above constitute clear violations of the Fair Debt Collection Practices Act, 15 U.S.C.§1692 et seq and 1692e(2)(A), by falsely representing the character, amount or legal status of any debt.

13.    Defendants Colonial Credit Corporation and Wolpoff & Abramson,LLP have violated 15 U.S.C.§1692e(2)(B)(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

14.    Defendants Colonial Credit Corporation and Wolpoff & Abramson,LLP have violated 15 U.S.C.§1692g by failing to validate the debt despite a written request by Plaintiff.

15.    Defendants Colonial Credit Corporation and Wolpoff & Abramson, LLP have violated 15 U.S.C.§1692f(1) by the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

COMPLAINT                                                                    2

## COUNT II

16.     Plaintiff realleges and incorporated paragraphs 1 through 15 above as if fully set out herein.

17.     A justiciable controversy exists between Plaintiff and Defendants concerning whether, first, there is a contract between MBNA and Plaintiff and, secondly, whether the contract has an arbitration clause. The defendants have not produced a contract in the arbitration proceeding. Plaintiff alleges that the Federal Arbitration Act prevents Defendants from proceeding with an arbitration absent a valid contract with an arbitration clause. Pursuant to 28 U.S. C.§2201, Plaintiff seeks a declaration from this Court that the Defendants are barred by law from proceeding any further with the arbitration proceeding until they produce a valid agreement which has an arbitration clause and that the arbitration proceeding, File No. FA0611000832598, Colonial Credit Corporation, Assignee of MBNA America Bank vs. Vicki Otts. There is also an issue of standing; Colonial Credit Corporation has not shown any document trail of assignment or sale of the account from MBNA to Colonial Credit Corporation.

18.     Section 4 of the Federal Arbitration Act empowers courts to compel arbitration of disputes only "upon being satisfied that the making of the arbitration agreement is not in issue." 9 U.S.C.§ 4. Although required by law and by the Rules of National Arbitration Forum, no contract of any kind has been produced in the arbitration proceeding.

## COUNT III

19.     Plaintiff realleges and incorporates paragraphs 1 through 18 above.

20.     Pursuant to Tex. Fin.Code §392.404, the Defendant's violations of the Texas Debt Collection Practices Act also constitute a deceptive trade practice, Subchapter E, Chapter 17, Business and Commerce Code ("DTPA"), and is actionable under that chapter.

21.     The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents, or employees acting at all times relevant hereto within the scope of that

COMPLAINT                                                                 3

relationship.

22.    The foregoing acts and omissions of the Defendants were undertaken wilfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

23.    The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the identity of rights of the Plaintiff.

18.    By reason of the allegations in this petition, the Texas Debt Collection Practices Act and Fair Debt Collection Practices Act, , Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended for which Plaintiff sues herein. The attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that this Court:

1.    Declare that Defendants' actions violate the FDCPA and TDCPA; that the arbitration should not proceed due to lack of arbitration agreement; that the debt is barred by limitations and that Colonial Credit Corporation lacks standing.

2.    Enter judgment in favor of Plaintiff and against each Defendant for statutory damages, actual   damages, costs, and reasonable attorney fees as provided by 15 U.S.C. §1692k(a) and/or Tex. Fin.Code Ann. §392.403.

3.    Grant such further relief as deemed just.

Respectfully submitted,

Sharon K. Campbell
State Bar # 03717600
Premier Place, Suite 1040
5910 North Central Expressway
Dallas, Texas 75206
Telephone: 214/351-3260
Fax: 214/739-0151
Sharon@SharonKCampbell.com

COMPLAINT                                                                                      4

JS 44 (Rev. 10/00)

**CIVIL COVER SHEET**     3-07CV0641-D

*ORIGINAL*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Vicki M Otts

## DEFENDANTS

Colonial Credit Corporation
Wolpoff & Abramson, LLP

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Sharon Campbell,
5910 N. Central Expressway, Suite 1040,
Dallas, TX 75206/214 357 3260/214 739 0151

Attorneys (If Known)

RECEIVED

APR 13 2007

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collection Practices Act
Brief description of cause:
Defendants brought arbitration on time-barred debt

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S)
PENDING OR CLOSED (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 4-10-07

SIGNATURE OF ATTORNEY OF RECORD Sharon Campbell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____